## Case No. 7,389.

JOHNSON et al. v. HEALY et al.

[9 Ben. 318.] [1]

District Court, S. D. New York.   Feb., 1878.

Hamilton Cole, for plaintiffs.
Roger M. Sherman, for defendants.

BLATCHFORD, District Judge.  This is an action at law, in which there was filed in the office of the clerk of this court, on the 28th of December, 1877, a pleading, endorsed as a "Complaint," and there was issued thereon, on the same day, a writ to the marshal, endorsed as a "Capias." The complaint states, at its end, that the plaintiffs demand judgment against the defendants for the sum of $100,000. It sets forth allegations which, it is claimed, constitute a cause of action at law as distinguished from one in equity.  The capias commands the marshal to take the defendants and have their bodies before the judge of this court, at the court room thereof, on a day specified, to answer unto the plaintiffs in a plea of trespass, and also to a certain bill of the plaintiffs against the defendants for the recovery of $100,000 damages. It is tested in the name of the judge of this court, and bears the signature of the clerk and the seal of the court, and is dated the 28th of December, 1877. The return of the marshal is on it, certifying that, within his district, he served it on Aaron Healy personally, on December 29th, 1877, and on Aaron A. Healy personally, on December 31st, 1877.  The writ and return were filed in the office of the clerk of this court, January 2d,

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

1878.  Subsequently, and before the return day of the capias, the defendants, appearing solely for the purpose of the motion, and without entering a general appearance, moved the court to vacate and set aside the capias. The ground of the motion is that the capias, as process for commencing the suit and bringing the defendants into court, is process not authorized by any law of the United States; and that this court has not obtained jurisdiction, in this suit, of the persons of the defendants, by the service which has been made on them of such capias.

Section 914 of the Revised Statutes provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."  Under this provision, this being a civil cause and not an equity or admiralty cause, it is contended that the process for commencing the suit should have been the form of summons prescribed by section 418 of the New York Code of Civil Procedure in force when the capias was issued and served, and that the capias is not valid as a summons.  Section 416 of such Code provides that "a civil action is commenced by the service of a summons."   Section 417 of such Code provides that "the summons must contain the title of the action, specifying the court in which the action is brought, and the names of the parties to the action"; and that it must be subscribed by the plaintiff's attorney, with his office address and post-office address within the state, and, if in a city, the street and street number.  Section 418 of such Code provides that the summons, exclusive of the title of the action and the subscription, must be substantially in the following form, the blanks being properly filled: "To the above named defendant:  You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer on the plaintiff's attorney, within twenty days after the service of this summons, exclusive of the day of service, and, in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the complaint.  Dated,———."  The same section provides that "the summons is deemed the mandate of the court."  Section 419 of such Code provides that "a copy of the complaint may be served with the summons," but that, "if a copy of the complaint is not served with the summons, the plaintiff cannot take judgment by default without application to the court, unless a notice is served with the summons, stating the sum of money for which judgment will be taken, and the case is one embraced in" section 420 of such Code.

The supreme court of the United States, in construing the provision of section 914 of the Revised Statutes,—section 5, Act June 1, 1872 (17 Stat. 197),—in Indianapolis R. Co. v. Horst, 93 U. S. 291, say that the conformity required by the statute "is required to be 'as near as may be,' not as 'near as may be possible,' or as 'near as may be practicable' "; and that "this indefiniteness" devolves on the judges the duty of construing and deciding, and gives them the power to reject any subordinate provision in the state statutes "which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice in their tribunals." Unquestionably, where a process or pleading is substantially a compliance with the requirements of the Code of the state, especially where to set it aside would tend to defeat the ends of justice, it ought to be upheld. Lewis v. Gould [Case No. 8,324].

The petition of the defendants. on which this motion is founded, was filed in this court on the 16th of January, 1878. and sets forth that the exigency of the capias is such that, if it be effectual to commence an action, the defendants must enter their appearance on the first Tuesday in February, 1878. Section 421 of the Code of New York provides that "the defendant's appearance must be made by serving upon the plaintiff's attorney, within twenty days after service of the summons, exclusive of the day of service, a notice of appearance, or a copy of a demurrer, or of an answer." Section 422 of such Code provides that "a defendant upon whom the plaintiff has served, with the summons, a copy of the complaint, must serve a copy of his demurrer or answer upon the plaintiff's attorney, before the expiration of the time within which the summons requires him to answer." But, under such Code. if a copy of the complaint is not served with the summons, the defendant is not required to serve, within the twenty days, anything but a notice of appearance, and, if that be done, he is not required to serve a copy of a demurrer, or of an answer, until after his attorney has been served with a copy of the complaint.

The process in this case has been served on the defendants personally within this district, in sufficient time before its return day for them to properly enter their appearance before that day. Their petition to the court shows that they understand it, if valid, as requiring them to enter their appearance in the suit, which means an appearance by an attorney, and to enter such appearance on the first Tuesday in February, 1878. It contains the title of the action sufficiently, by containing the designation of. the court, and the names of the parties who are plaintiffs and defendants in the suit. It is subscribed by the plaintiffs' attorney, and he has been found to be served with notice of this motion. The capias is, in form, the mandate of the court. By the provisions of the Code of

New York, above referred to, the exigency of a summons, in a case where a copy of the complaint is not served with the summons, is solely to require the defendant to appear by attorney within a specified limit of time. In the present case no copy of the complaint was served with the capias, nor was any notice served with it stating the sum of money for. which judgment would be taken, nor is this suit, which is, in substance, an' action for the wrongful conversion of personal property. one embraced in section 420 of the Code of New York. Therefore, the exigency of the capias, in this case, is solely to require the. defendants to appear by attorney within the specified limit of time prescribed by the capias. The defendants so understand it and so state. There is no surprise and no misleading. Under the circumstances of this case, the capias and its contents and service are substantially a compliance with the requirements of the Code of New York in regard to a summons and its contents and service. If, as is alleged by the plaintiffs, the statute of limitations may have run against the cause of action, if they should be driven to a new suit, that is a reason why the capias should be upheld, if that can properly be done.

The clerical error in the year, in the body of the capias, is corrected by the true statement of it on the back of the capias, and the defendants show that they were not misled.

In the case of Martin v. Criscuola [Case No. 9,159] it was held that a summons not issued by the court, but merely issued by the plaintiff's attorney, was not a proper summons. That decision was made on the view that the summons is process, and must, under the statutes of the United States, and notwithstanding the provisions of the act of 1872, and of section 914 of the Revised Statutes, be issued by the court, and have the authentication of the court.

But the question whether, in any given case, the process issued in a common-law suit, to commence it, was substantially the form of summons of the state practice, was left to be determined in such case when the question should arise. In October last the circuit judge of this circuit placed in the hands of the clerk of the circuit court for this district a form of summons for commencing a common-law suit in that court, with instructions to inform attorneys commencing such a suit that such a form of summons was one which the court regarded as authorized by law. It is, in form. the summons prescribed by section 418 of the New York Code. with the addition of a teste in the name of the chief justice of the supreme court of the United States. The clerk was advised that. when he issued it, he was to sign it as clerk, and put upon it the seal of the court. It contains a blank for complying with the provisions of section 417 of the New York Code. as to the name and address of the plaintiff's attorney, and on the back a form of notice

under section 419 of such Code, and a form indicating that it is process to be served by the marshal. A like form of summons was placed at the same time in the hands of the clerk of this court by the district judge, with like instructions and like advice. This was done with the concurrence of Mr. Justice Hunt. But no order was entered in either court in respect to such summons. The judges endeavored, by such means, to prevent the raising of questions as to the form of the process, but it was designed to leave open the question, in any given case, as to the substantial conformity of the process to the state practice. In the present case it is shown that the capias was issued through a subordinate of the clerk, who had been accustomed to issue such form of process, and who was not advised that any other form would be proper. The motion is denied.